IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIAMARS AZIZKHAN,                    )
                                     )
            Plaintiff,               )    2:09-cv-03071-GEB-EFB
                                     )
      v.                             )    ORDER DISMISSING PLAINTIFF'S
                                     )    FEDERAL CLAIMS AND DECLINING
FIRST FRANKLIN LOAN SERVICING;       )    SUPPLEMENTAL JURISDICTION
FIRST FRANKLIN FINANCIAL             )    OVER STATE LAW CLAIMS AND
CORPORATION; CAL-WESTERN             )    DENYING DEFENDANTS' MOTION
RECONVEYANCE CORPORATION; BANK OF    )    FOR RULE 11 SANCTIONS*
AMERICA, NATIONAL ASSOCIATION AS     )
SUCCESSOR BY MERGER TO LASALLE BANK  )
NATIONAL ASSOCIATION, AS TRUSTEE     )
FOR FIRST FRANKLIN MORTGAGE LOAN     )
TRUST, MORTGAGE LOAN ASSET BACKED    )
CERTIFICATES, SERIES 2007-FF2;       )
MORTGAGE ELECTRONIC REGISTRATION     )
SYSTEM, INC.; ANCHOR FINANCIAL       )
MORTGAGE COMPANY, INC.; RYAN N.      )
SMITH; and DOES 1-20 inclusive,      )
                                     )
            Defendants.              )
_____)

        Defendants Home Loan Services, Inc d/b/a First Franklin Loan

Servicing, First Franklin Financial Corporation, Bank of America,

National Association, and Mortgage Electronic Registration Systems,

Inc. ("Defendants") move to dismiss Plaintiff's first amended

complaint under Federal Rule of Civil Procedure 12(b)(6).  (Docket No.

14.)  Defendants also filed a motion for sanctions under Federal Rule

_____

        *    This matter is deemed to be suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

of Civil Procedure 11(c), seeking an award of $11,405 in attorneys'
fees.  (Docket No. 16.)  Plaintiff opposes Defendants' motion for
sanctions and filed a Statement of Non-Opposition to Defendants'
dismissal motion.  (Docket Nos. 28, 30.)

## I.  Dismissal of Plaintiff's Federal Claims

Plaintiff's Statement of Non-Opposition states that he "does
not oppose" Defendants' dismissal motion "insofar as it relates to
[his] Eighth Cause of Action under the Real Estate Settlement
Procedures Act, 12 U.S.C. §2605 ("RESPA") and [his] Ninth Cause of
Action under the Truth in Lending Act, 15 U.S.C. §1604 ("TILA") . . .
."  (Statement of Non-Opposition 2:2-10.)  Further, "Plaintiff . . .
requests that all claims against all Defendants . . . be dismissed,
*without prejudice*, or in the alternative, that Plaintiff be granted
leave to amend his First Amended Complaint in this matter so as to
remove the Causes of Action under TILA and RESPA which had previously
been plead [sic] by the Plaintiff . . . ."  (Id. 2:11-14.)  Plaintiff
also argues that "[w]hen the federal claims that served as the basis
for the Court's original jurisdiction are eliminated, either through
dismissal . . . or by [amendment]," the court should "decline to
assert supplemental jurisdiction over the remaining state law causes
of action, and dismiss them without prejudice . . . ."  (Id. 2:24-
3:3.)

In accordance with Plaintiff's Statement of Non-Opposition,
Plaintiff's TILA and RESPA claims are dismissed.

## II.  Defendants' Rule 11 Motion

Defendants argue they are entitled to an award of attorneys'
fees because Plaintiff's counsel failed to comply with Rule 11(b)'s
requirements.  Specifically, Defendants contend Plaintiff's first

2

amended complaint was "filed for purposes of delay [and] to avoid the
hearing of Defendants' Motion to Dismiss the original complaint."
(Mot. for Sanctions 5:8-10.)  Defendants further argue that
Plaintiff's first amended complaint "does not differ significantly
from the original [c]omplaint" and does not "state a claim upon which
relief can be granted . . . ."  (Id. 5:9-12.)  Plaintiff counters that
"[w]hile Plaintiff's counsel admits that her pleadings in this matter
have been, at times, somewhat 'inartfully' pled, these instances are
certainly not tantamount to the bad faith and wilful disobedience to
the Court's Orders as contemplated under the subject Rules and
applicable authorities, so as to justify the imposition of the most
extreme sanction in the form of attorneys fees payable to an opposing
party."  (Opp'n to Mot. for Sanctions 3:2-7.)

         "Rule 11 authorizes a court to impose a sanction on any
attorney, law firm, or party that brings a claim for an improper
purpose or without support in law or evidence."  Sneller v. City of
Bainbridge Island, --- F.3d ----, 2010 WL 2076805, at *2 (9th Cir. May
25, 2010).  Specifically, Rule 11(b) provides in pertinent part:

> By presenting to the court a pleading . . . --
> whether by signing, filing, submitting, or later
> advocating it--an attorney . . . certifies that to
> the best of the person's knowledge, information,
> and belief, formed after inquiry reasonable under
> the circumstances:
>> (1) it is not being presented for any improper
>> purpose, such as to harass, cause unnecessary
>> delay, or needlessly increase the cost of
>> litigation;
>> (2) the claims . . . and other legal
>> contentions are warranted by existing law or
>> by nonfrivolous argument for extending,
>> modifying, or reversing existing law or for
>> establishing new law;
>> (3) the factual contentions have evidentiary
>> support or, if specifically so identified,
>> will likely have evidentiary support afer a

1                    reasonable    opportunity    for    further
                     investigation or discovery . . . .
2

3  Fed. R. Civ. P. 11(b).  As explained by the Ninth Circuit, under Rule

4  11:

5              [a]n attorney has a duty prior to filing a complaint
               not   only   to   conduct   a   reasonable   factual
6              investigation, but also to perform adequate legal
               research  that  confirms  whether  the  theoretical
7              underpinnings  of  the  complaint  are  warranted  by
               existing  law  or  a  good  faith  argument  for  an
8              extension, modification or reversal of existing law.
               One  of  the  fundamental  purposes  of  Rule  11  is  to
9              reduce  frivolous  claims,  defenses  or  motions  and  to
               deter  costly  meritless  maneuvers,  thereby  avoiding
10             delay and unnecessary expense in litigation.

11 Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002)

12 (quotation and citations omitted).

13         Defendants argue Plaintiff's first amended complaint

14 violates Rule 11(b) since:

15             It [was] evident[ly] filed for purposes of delay,
               to  avoid  the  hearing  of  Defendants'  Motion  to
16             Dismiss the original complaint.  The First Amended
               Complaint  does  not  differ  significantly  from  the
17             original  [c]omplaint.   It  also  fails  to  state  a
               claim  upon  which  relief  can  be  granted  against
18             Defendants,  for  reasons  set  forth  below.    In
               general, none of these Defendants made the alleged
19             misrepresentations which are subject of Plaintiff's
               complaint and each of Plaintiff's claims for relief
20             is insufficient as a matter of law.

21
   (Mot. for Sanctions 5:7-14.)  Defendants then address each of
22
   Plaintiff's claims and assert, often without explanation or citation
23
   to any authority, that they fail to state a claim.  (Id. 5-8.)
24
25         Defendants unsupported and conclusory arguments, however,

26 are insufficient to demonstrate that Rule 11 sanctions should be

27 awarded.  Defendants' motion does not identify the subsection or

28 subsections of Rule 11(b) that Defendants contend Plaintiff's first

amended complaint violates; nor have Defendants supported their arguments and explained how the first amended complaint runs afoul of Rule 11(b). <u>See</u> <u>Veriqy US, Inc. v. Mayder</u>, No. C-07-04330 RMW, 2008 WL 4820755, at *9 (N.D. Cal. Nov. 4, 2008) (stating that "[i]n assessing whether the filing of a particular paper was frivolous under Rule 11, the court should not consider the ultimate failure on the merits . . . but rather whether the position was legally unreasonable or without factual foundation") (quotations and citation omitted). Further, Defendants cited no authority in their motion suggesting Rule 11 sanctions are warranted when a complaint merely fails to state a claim.  Defendants raise additional arguments in their reply brief in support of their position, but these arguments are disregarded since Defendants have not shown that these new arguments should be considered. <u>See</u> <u>United States v. Romm</u>, 455 F.3d 990, 997 (9th Cir. 2006) (stating that "arguments not raised by a party in its opening brief are deemed waived") (quoting <u>Smith v. March</u>, 194 F.3d 1045, 1052 (9th Cir. 1999); <u>Ass'n of Irritated Residents v. C & R Vanderham Dairy</u>, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) (stating that "[i]t is inappropriate to consider arguments raised for the first time in a reply brief.")  Since Defendants have not demonstrated that Plaintiff's first amended complaint violates Rule 11(b), their motion is denied.

**III.  28 U.S.C.§ 1367(c)(3) Dismissal of Plaintiff's State Law Claims**

Further, since no federal claims remain, the court may decide whether to continue exercising supplemental jurisdiction over Plaintiff's state law claims. <u>See</u> <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc).  Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental

jurisdiction over a [state law] claim" when "all claims over which it has original jurisdiction" have been dismissed.  This decision should be informed by the values of economy, convenience, fairness and comity as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996).  Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Comity weighs in favor of declining supplemental jurisdiction since state courts have the primary responsibility for developing and applying state law.  See Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims") (quotations and citation omitted); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) (stating that "[i]n the usual case in which federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims") (quoting Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  Further, none of the other Gibbs factors favor retaining supplemental jurisdiction over Plaintiff's state law claims.  Therefore, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and those claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).  This action shall be closed.

Dated:  June 3, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge